UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>TERRENCE DEANGELO RIDGEWAY,<br><br>                                    Defendant. | Case No.:  22cr175-CAB<br><br>**ORDER DENYING MOTION TO DISMISS COUNTS ONE THROUGH THREE** |

Before the Court is a motion by defendant Terrence Deangelo Ridgeway to dismiss Counts One through Three of the indictment filed against him. [Doc. No. 29.][1] Defendant is charged in an indictment [Doc. No. 1] with violations of 18 U.S.C. § 922(g)(1) and 924(d), felon in possession of a firearm and ammunition and forfeiture. Defendant contends that section 922(g) is an unconstitutional infringement on his Second Amendment right to keep and bear arms and the charges should be dismissed. Government filed an opposition. [Doc. No. 31.] The Court finds the motion suitable for decision on the papers without argument.  The motion is DENIED.

---

[1] References to docket numbers and page citations are those assigned by CM/ECF.

### I. Complaint and Defendant's Background

The complaint[2] alleges that on or about May 12, 2020, the defendant applied for entry into the United States from Mexico at the Otay Mesa Port of Entry (POE). The Customs and Border Protection Officer (CBPO) who inspected defendant at the POE primary booth noticed the defendant was wearing a shoulder holster and observed what he believe to be a modified gun behind the driver's seat. Defendant was removed from the vehicle and a gun barrel and recoil spring were discovered in the gun holster worn by the defendant. Further inspection of the vehicle that the defendant was driving revealed the lower frame of a semi-automatic firearm, a firearm magazine, and a firearm slide in the vehicle. The firearm pieces found on the defendant's person and the pieces in the vehicle had a corresponding serial number and were assembled by a CBPO into a Springfield Armory XC .45 caliber firearm. Rounds of "Winchester 45 Auto" ammunition and "Federal 45 Auto" ammunition were also recovered from the vehicle.

Defendant has two prior state felony convictions for assault with a deadly weapon and vehicle theft, as well as a prior state conviction for felon in possession of a firearm. Defendant is also alleged to be a member of a criminal street gang.

Defendant was charged in an information on June 10, 2021, with the violations of section 922(g). [*See* Case No. 21cr1774, Doc. No. 14.] He was subsequently indicted on January 27, 2022, on the same charges and an additional charge of conspiracy to bring in aliens in violation of 8 U.S.C. § 1324. [*See* Case No. 22cr175, Doc. No. 1.] Defendant was released on bond, however, he absconded from pretrial supervision on or about March 18, 2022. He was rearrested on July 15, 2022, and his bond was revoked. He is currently in custody awaiting trial on the indicted charges and brings this motion to dismiss.

/////

/////

---

[2] *See* Complaint, Probable Cause Statement, Case No. 21cr1744 Doc. No. 1, at 3-5.

## II. Defendant's Constitutional Challenge

Defendant contends that pursuant to the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111 (2022), it is government's burden to identify an American tradition that prohibited people with felonies from possessing firearms, and because the government is unable to do so this Court must find section 922(g)(1) unconstitutional. Defendant argues that the government must present evidence of a historical tradition that would have prohibited a person in defendant's circumstances from possessing a firearm. He asserts the government cannot meet that standard therefore the defendant concludes the Court must dismiss Counts One through Three of the indictment. [Doc. No. 29.]

The defendant's motion is similar[3] to a motion filed in this District by defendant David Lemont Hill, in *U.S. v. Hill*, Case No. 21cr0107-WHQ, in which defendant Hill is also charged with a violation of 18 U.S.C. § 922(g) and moved to dismiss his charge as a violation of his Second Amendment rights. [21cr0107, Doc. No. 65.]. United States District Judge William Q. Hayes denied defendant Hill's motion in an order issued September 20, 2022. *United States v. Hill*, 2022 WL 4361917 (S.D.C.A. Sept. 20, 2022).

Having considered the submissions in this case, and the thorough and well-reasoned decision issued by Judge Hayes in the *Hill* case, this Court adopts his analysis of the issue and his conclusion that binding Ninth Circuit precedent was not overruled by the *Bruen* decision, and that the federal felon-in-possession law does not violate the Second Amendment. 2022 WL 4361917, at *2-3. Defendant's motion to dismiss Counts One through Three is DENIED.

Furthermore, similar to defendant Hill, the record indicates that this defendant's criminal history places him in the category of persons who would be "judged to be a threat to public safety." Consequently, even under an expansive reading of the Second

---

[3] The legal argument in defendant Hill's motion is virtually identical to the instant motion.

Amendment, the felon-in-possession law would nonetheless be constitutional as applied to this defendant. *Id*., at *3.

### III. Conclusion

The defendant's Motion to Dismiss Counts One through Three of the Indictment as an unconstitutional infringement of the Second Amendment is DENIED.

**IT IS SO ORDERED.**

Dated: October 17, 2022

Hon. Cathy Ann Bencivengo
United States District Judge

4

22cr175-CAB